GEORGE SUAREZ, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

1. A complete transcript having been filed by agreement curing defects theretofore existing, assignments based upon such defects will be overruled.

2. An assignment based upon admission of proper testimony and to which no exception was taken, will not be sustained.

This case was decided by Division A.

Writ of Error to the Criminal Court of Record for Escambia county.

The facts in the case are stated in the opinion of the court.

*Charles. H. Laney* and *J. P. Stokes,* for plaintiff in error.

*W. H. Ellis,* Attorney General, for the state.

COCKRELL, J.—George Suarez and one Wiley C. Ward were adjudged guilty in the criminal court of record for Escambia county of maintaining a gaming room for the purpose of gaming and gambling and each sentenced to a term of one year and three months in the state prison. Suarez alone prosecuted a writ of error.

The first three assignments of error are directed to the failure of the transcript of the record proper to show a valid arraignment, the swearing of the jury and the presence of the accused at various steps in the trial. Under agreement of counsel the transcript of the record has been completed and the defects pointed out in the incomplete transcript originally filed have been cured and corrected and as now presented to us the record is perfect and the assignments are without support and must be overruled.

The fourth assignment is argued only as it covers the fifth and sixth, and the fifth is expressly abandoned.

The sixth and last assignment is that the court erred in permitting the sheriff to testify as to a confession to him by Suarez, over the objection that it was not made in Ward's presence. The court ruled that it was admissible only as to Suarez, not as to Ward, and no exception was taken to this ruling, nor is Ward here to complain. Obviously the assignment is not well taken.

The judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.